**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDWARDS MOVING &
RIGGING, INC.,

      Plaintiff,

v.                                                                    Case No. 8:23-CV-1285-TPB-UAM

WILLIAM C. MOORE,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff Edwards Moving & Rigging, Inc.'s "Motion for Preliminary Injunction," filed on June 12, 2023. (Doc. 5). On June 26, 2023, Defendant William C. Moore filed a response in opposition to the motion. (Doc. 14). On July 5, 2023, Plaintiff filed a reply. (Doc. 19). On October 5 and November 15, 2023, the Court held hearings to address this matter. (Docs. 40, 44). After reviewing the motion, response, reply, evidence, court file, arguments of counsel, and the record, the Court finds as follows:

## Background

The facts relating to the issue presently before the Court are essentially undisputed. Plaintiff is a heavy haul and rigging company that specializes in moving oversized components and equipment. Plaintiff first hired Defendant as a rigger in 2008. Defendant then worked for Plaintiff until 2022, with brief gaps in 2013, 2014, and late 2021. When Plaintiff rehired Defendant in 2022 at an annual

salary of $125,000, Defendant signed a noncompete agreement, governed by the law of Kentucky, stating he would not work for any entity that competes with Plaintiff for two years after terminating his employment.  Nevertheless, Defendant subsequently left his job with Plaintiff and accepted a position as a corporate heavy haul manager with Beyel Brothers, Inc., a competitor of Plaintiff.

Defendant and his wife testified that Defendant left his South Carolina-based job with Plaintiff and moved to Florida, in part, because his then thirteen-year-old daughter was experiencing significant medical issues.  More specifically, the daughter was diagnosed with a problem in her brain that causes her to have severe nystagmus and seizures.  She therefore requires specialized, regular treatment from a pediatric neuro-ophthalmologist.  Such doctors are available in only a few locations, including Florida.  Additionally, Defendant testified that his health insurance with Plaintiff did not fully cover his daughter's new medical expenses.  Beyel Brothers was able to offer him a higher salary of $158,000 a year and provide better family health insurance.

## Legal Standard

To obtain injunctive relief in a case of this nature a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v.*

*Cuomo*, 529 U.S. – , 141 S. Ct. 63, 65-66 (2020). A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted). The failure of a movant to establish any one of the preliminary injunction requirements is fatal. *See Am. Civil Liberties Union of Fla., Inc., v. Miami–Dade Cty. Sch. Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009).

The noncompete agreement at issue in this case provides that is governed by the law of Kentucky. As such, the enforceability of the agreement must be determined under the law of Kentucky. However, the "standard for obtaining a preliminary injunction is a matter of procedure, not of substance;" and federal courts in diversity cases therefore apply the federal standard when determining the appropriateness of issuing a preliminary injunction. *Vital Pharms, Inc. v Alfieri*, 23 F 4th 1282, 1294-99 (11th Cir. 2022) (Pryor, J., concurring).

## Analysis

Assuming without deciding that the noncompete agreement is generally enforceable under the law of Kentucky, the Court finds that Plaintiff has failed to establish all four necessary prerequisites for a preliminary injunction because the balance of relative harm to the parties favors Defendant. Here, Defendant's teenage daughter has a legitimate, unusual and serious medical condition that can only be treated by medical specialists. Such treatment is costly, and the family medical benefits package offered by Beyel Brothers, which is significantly more

generous than the medical benefits offered by Plaintiff, has allowed Defendant to provide the necessary medical treatments for his daughter without causing his family's financial situation to become unstable.

The Court therefore finds that based on the unique factors of this case a preliminary injunction is not appropriate because the threatened injury to Plaintiff does not outweigh the harm the relief would inflict on Defendant.  Because Plaintiff has failed to carry its burden on this element, the Court need not address the remaining requirements.  *See Henry v. Nat'l Hous. P'ship*, No. 1:06-cv-008-SPM, 2006 WL 8443138, at *1 n.1 (N.D. Fla. Sept. 19, 2006) ("Where a plaintiff has not carried his burden as to any one of the elements required for a preliminary injunction, it is unnecessary to address the remaining elements.") (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Preliminary Injunction" (Doc. 5) is **DENIED.**

2. A case management conference will be held in this case on January 17, 2024 at 9:30 am in Courtroom 14-A.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of November, 2023.

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**